Cox, J.

Petition in error to reverse a judgment of the Court of Common Pleas. The facts as they appear from the testimony, and facts found by the court below, are as follows:
In December, 1874, the plaintiff, being then the wife of Ohed F. Dennis, obtained a decree of divorce and alimony against him in the Court of Common Pleas of Plamilton County, Ohio. By the terms of the decree she was awarded one thousand dollars alimony, with interest at six per cent, per annum, “ to be and remain a valid and subsisting lien upon all the lands, tenements and hereditaments of said defendant, and a charge on all the rights, legal and equitable, of the said defendant in and to' any lands, tenements and hereditaments which he now hath or may hereafter have, *314 until said sum of one thousand dollars, with interest, shall be paid, and also pay all costs.” No execution was ever issued on said decree, and nothing has ever been paid thereon.
At the time of the rendition of the judgment or decree, Dennis owned an undivided interest in real estate on the southeast corner of Fourth and Plum streets, Cincinnati, Plamilion county, Ohio, subject to a life-estate in Peter B. Folger. Dennis died in 1876, two years after the decree against him, and in 1884, Folger having died, a petition for partition of the property among the heirs was filed, the property sold, and the proceeds are in the hands of the court for distribution. Mrs. Webster (formerly Dennis) filed an answer setting up the decree for alimony, and asking that it be paid out of the proceeds of sale. This was resisted by the creditors of Dennis, who contended that this was not a decree-fixing a lien on specific property, but was a mere judgment at law, and was not a lien on the real estate, except as a judgment lien to be enforced by execution, and that a.s no execution had been issued within five years, the lien was lost. Citing, R. S. 5380, 26,165; Nash Practice, 1385; 5 Ohio Rep. 538; 24 Ohio St. 488. We cannot coincide with this proposition. By the finding of facts of the court below, Obed F. Dennis was at the time of the rendition of the decree for alimony in December, 1874, the owner of an undivided interest in real estate in this city and county. By virtue of the decree it was made a lien on all his lands, tenements and hereditaments, and a charge on all rights, legal and equitable, which he had or might have had in any lands, tenements and hereditaments.
We think the court had authority to decree to the wife alimony, either in specific real estate, giving her an estate for years, for life, in fee, or making a fixed amount a lien. 36 Ohio St. 590. The power of a court to enter a decree for alimony, is something more than that to give an ordiuary judgment at law. It partakes of the character of a decree in chancery. It is called a decree in the statute, sec. 5699, and in the books written and cases cited it is more frequently called a decree than a judgment; and while in a judgment at law the *315 court only finds so much due, and the law declares hoto it shall operate as a lien, yet in cases of alimony very extensive powers are given to the court, not only as to the amount to be decreed, but also as to how and how long it shall operate, whether in a part or the whole of the property.
Reuben Tyler, for plaintiff in error. •
Paxton & Warrington, for defendant in error.
But whatever maybe the nature of proceedings for alimony, if this were a mere judgment at law, and the lien to be controlled by the principles applicable to it, as such, it was a lien on the estate of the husband from its rendition in 1874, for five years thereafter without execution.
Dennis died in 1876, while this lien was in full force, and his property descended subject to the lien (8 Ohio, 221; 17 Ohio St. 253), and by the statute it is made the duty of the administrator to pay it according to its priorty.
In Overton on the Law of Liens, sec. 372, it is laid down that where a judgment was rendered in the life-time, and was alien at the death of the judgment creditor,' “ The lien yet remains, and that the judgment creditor may, if he desire, and indeed it is the better plan for him, to make out his claim against the estate, that it may be settled and paid in the usual course of administration; yet, he is not compellable thus to act, and he may retain his lien and have his execution.” See also, 15 Penn. St. 39; 28 Ib. 50, and cases cited, 34 Ib. 151.
It was the duty of the administrator of Dennis to pay the claim in order of priority out of the personal estate of the decedent, or, as soon as he ascertained the personal estate was insufficient, to proceed under sec. 6136 to sell the real estate, and for this purpose make all persons having íiens, etc., parties. This was not done, but the estate was sold under proceedings in partition. In such proceedings all persons interested were required to be made parties (R. S. 5756), and the money arising from the sale is required to be paid to the parties according to their just rights (R. S. 5767).
The judgment of the court below will be reversed, on the ground that the court erred in deciding that the judgment of Mrs. Webster was not a lien.